10-3540-ag
Simpore v. Holder

BIA
Weisel, IJ
A089 253 916

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
>    JON O. NEWMAN,
>    ROBERT A. KATZMANN,
>    SUSAN L. CARNEY,
>        *Circuit Judges*.

_____

LASSANE SIMPORE,
>    *Petitioner*,

>        v.                                          10-3540-ag
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Ernesto H. Molina, Jr.,
                       Assistant Director; Joanna L.
                       Watson, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lassane Simpore, a native and citizen of Burkina Faso, seeks review of an August 6, 2010 order of the BIA, affirming the October 29, 2008 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lassane Simpore*, No. A089 253 916 (B.I.A. Aug. 6, 2010), *aff'g* No. No. A089 253 916 (Immig. Ct. N.Y. City Oct. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Having reviewed the IJ's and the BIA's decisions, we conclude that substantial evidence supports the

2

determination that Simpore failed to meet his burden of establishing a well-founded fear of future persecution based on a protected ground. As noted by the IJ, it was "reasonable to expect the Burkina Faso military to detain [Simpore] for questioning, regarding involvement in the unauthorized confiscation of vehicles." *See Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010) ("As a rule, the enforcement of generally applicable law cannot be said to be on account of the offender's political opinion, even if the offender objects to the law."). Moreover, while the IJ found Simpore to be credible, other than Simpore's testimony that he had "heard" that some individuals were missing or in a military prison, there was no evidence that those who had been arrested in connection with the alleged illegal activity were ever persecuted.

As to the specific arguments raised by Simpore on appeal -- (1) that the IJ failed to consider his fear of extended detention and (2) that he was persecuted on account of an imputed political opinion -- we decline to consider these arguments since they were never raised before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 121 (2d Cir. 2006) (noting that an alien appealing an IJ's decision to the BIA

has an "obligation to explain why the IJ's decision was wrong"); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) ("To preserve a claim, we require '[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review.'") (emphasis in original).

Similarly, Simpore's conclusory assertion that the evidence in the record supports his claim for CAT relief is insufficient to raise the issue in this Court. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4